**Raymond D. WILLMS, Acting Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Plaintiff—Appellee,**

v.

**GUARD PUBLISHING COMPANY, d/b/a The Register–Guard, Defendant—Appellant.**

No. 01–35481.

D.C. No. CV–01–06079–TMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Jan. 10, 2002.

---

Before HUG, T.G. NELSON, and GOULD, Circuit Judges.

MEMORANDUM *

Guard Publishing Company, publisher of the *Register–Guard* newspaper in Eugene, Oregon, appeals the district court's order granting the Regional Director of the NLRB a temporary injunction and interim bargaining order under § 10(j) of the National Labor Relations Act. 29 U.S.C. § 160(j). We affirm the district court's decision. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ A district court's decision to grant or deny a 10(j) injunction will be reversed if the district court "abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Scott v. Stephen Dunn & Assocs.*, 241 F.3d 652, 659 (9th Cir.2001) (citation and internal quotation marks omitted).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

622

■ To secure relief under § 10(j), the Regional Director must show "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits." *Miller v. Cal. Pacific Med. Ctr.,* 19 F.3d 449, 456 (9th Cir.1994) (en banc) (quoting *Senate of Cal. v. Mosbacher,* 968 F.2d 974, 977 (9th Cir.1992)). These formulations represent "two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *United States v. Odessa Union Warehouse Co-op,* 833 F.2d 172, 174 (9th Cir.1987). In addition, when ruling on the propriety of § 10(j) relief, the district court must balance the NLRB's ability to meaningfully adjudicate disputes arising within its jurisdiction against the respondent's showing of hardship. *Scott,* 241 F.3d at 661.[1]

In this case, the Regional Director charged Guard with several unfair labor practices, including discriminatory discharge, promising and providing employees with increased benefits to discourage union support, and creating the impression among employees that the company was monitoring protected concerted activities. On the basis of its own review and the findings and conclusions of the administrative law judge (which the district court incorporated by reference), the court below essentially found it probable that the Regional Director will prove its violations before the NLRB and obtain the equitable relief it seeks, including an interim bargaining order. As this holding of probable success necessarily includes a presumption of irreparable harm, the district court followed its probability discussion with a review of Guard's hardship argument, which it found insufficient. *See Miller,* 19 F.3d at 460. Given its finding that the Regional Director could show both probable success and irreparable harm, and that Guard had no credible hardship argument, the district court granted the Regional Director's request for § 10(j) relief.

Applying the standard of review set forth above, we cannot say that the district court's decision was erroneous. None of the factual findings on which the district court rested its decision strike us as clearly erroneous. Moreover, as the district court identified the correct legal standards, and applied them in a reasonable manner, we conclude that the district court did not base its decision on an erroneous legal standard and that it did not abuse its discretion. Because we cannot find error under the relevant standards of review, the district court's grant of a § 10(j) temporary injunction is AFFIRMED.

**1.** Guard argues that the district court incorrectly applied the now defunct "reasonable cause" test in deciding whether to grant the Regional Director § 10(j) relief. In support of its argument, Guard points to a portion of the judgment-order below in which the district court states that "there is reasonable cause to believe" that Guard has engaged in certain unfair labor practices. While it is true that the district court used this terminology, it is clear from the opinion-order accompanying the judgment-order that the district court identified and applied the correct legal standard in reaching its decision, regardless of the "reasonable cause" language. As such, Guard's argument on this issue is unpersuasive.